### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Case No.: 10-50273 (ahws) |
| J Frederick Construction Co. Inc. | : | Chapter 11 |
| Debtor | : | February 8, 2010 |

### EMERGENCY
### MOTION FOR PRELIMINARY AND FINAL AUTHORIZATION TO USE CASH COLLATERAL

The Debtor in the above entitled matter moves pursuant to 11 U.S.C. §363(C)(2) and Bank. Rule 4001(b) for preliminary and then a final order authorizing its use of cash collateral, and in support thereof states the following:

1. It has filed for relief under Chapter 11 of Title 11 on **Feb. 8, 2010** in the District of Connecticut. The Debtor has continued in possession of assets and the operation of its business pursuant to Code §§1107 and 1108. It is generally engaged in the manufacturing and sale of lighting equipment.

2. The following creditors hold a security interest in the Debtor's assets based on security interests on file:

   a) The Internal Revenue Service ("IRS") claims a security interest by virtue of tax liens filed against the Debtor's assets.

   b) Penn Stainless Products Inc. May claim a lien by virtue of a Security interests filed on certain amounts of steel purchased from it by the Debtor.

3. The Debtor requires the use of its account receivables, cash deposits and other cash collateral in order to continue in business and to reorganize. To the extent

the above described loans are secured by duly perfected non-avoidable liens against the Debtor's assets and specifically against the Debtor's account receivables, then the Debtor's cash receipts constitute cash collateral as defined in the Code. In order to operate and to preserve its going concern value, the Debtor needs to use and disburse **$52,397.14** of cash collateral within the next 15 day period ( the "preliminary period") in order to avoid immediate and irreparable harm to the Debtor. A budget reflecting anticipated receipts and necessary expenses for the preliminary period is attached as **Exhibit A**. The Debtor further requests a 8% variance from any line item on the attached budget and to vary any line item in the budget by up to 8%.

4. In addition, this motion requests a final hearing date for authorization to use cash collateral for the 60 day period following the expiration of the preliminary period. A monthly budget for the two month period is also contained on **Exhibit A**. Therefore the Debtor requests authorization to use cash collateral in the total amount of $332,297.48 for the entire first 75 day period.

5. The Debtor will grant a replacement lien on its acquired account receivables and assets of the Debtor, limited to the extent, priority, enforceability and the validity that said liens may have enjoyed on the petition date (subject to valid offset, recoupment and counterclaim); and excluded from the lien on post-petition assets will be bankruptcy causes of action under code §§ 544, 545, 547, 548, 549, 550, 551, and 553; and provide for such adequate protection as is required if and to the extent the disputed secured claims are proved to be valid, secured and not subject to offset, recoupment and/or counterclaim.

6. Annexed hereto is an expense budget for 15 days which sets forth the

absolute minimum amount of monies necessary for continued operation of the Debtor. The Debtor seeks authorization for the use of the cash collateral for the 15 day preliminary period in the total amount of $ 52,397.14 and $279,900.34 for the next 60 days.

7. Further, the Debtor requests and moves that any replacement lien or administrative priority authorized be subject to and subordinate to:

    a) the allowed administrative claims of attorneys and other professionals retained by the Debtor in this Case, pursuant to Code §327 and 1103, in the aggregate amount of $40,000.00; and

    b) allowed fees and expenses of attorneys, accountants and other professionals retained in the Case, pursuant to Code §§327 and 1103, by any Official Committee of Unsecured Creditors in an amount not to exceed $ 10,000.00; and

    c) Fees owed to the U.S. Trustee's office.

8. The relief sought herein is essential to the continued operation of the Debtor. If this relief is not granted, the Debtor will suffer irreparable harm as it will be forced to cease operations, thereby destroying its going concern value for creditors of the estate and will cause the termination of 5 employees. Approximately 30 other employees have been laid off recently and their rehiring in the spring would also not occur.

WHEREFORE, the Debtor moves this Court for preliminary permission to use cash collateral; for a final hearing on the Debtor's continued use of cash collateral within the preliminary period for other use of cash collateral as permitted by the Court.

THE DEBTOR,

BY: _____
James M. Nugent ct08822
Harlow, Adams & Friedman
300 Bic Drive
Milford, CT 06461
(203) 878-0661
FAX: (203) 878-9568