UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| In re | : | (Chapter 11) |
| | : | |
| J. FREDERICK CONSTRUCTION CO. INC., | : | CASE NO. 10-50273 (AHWS) |
| | : | |
| Debtor. | : | FEBRUARY 23, 2010 |
| | : | |

**LIMITED OBJECTION TO MOTION FOR PRELIMINARY AND
FINAL AUTHORIZATION TO USE CASH COLLATERAL**

Penn Stainless Products Inc. ("Penn" or "Secured Creditor"), files this Limited Objection to the Debtor's Emergency Motion for Preliminary and Final Authorization to Use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) (the "Motion").  In support thereof, the Secured Creditor states as follows.

1. The Debtor filed for relief under Chapter 11 of Title 11 on February 8, 2010.  The Debtor continues in possession of its assets and the operation of its business pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On or about September 23, 2009 the Debtor executed a "Security Agreement Inventory" in favor of Penn to secure its obligation to Penn for goods sold and delivered.  As of the Petition Date the balance owed is $82,485.84 plus interest and attorney's fees.  The collateral is heavy steel plate ("Steel Collateral") which had been sold by Penn to the Debtor.  Penn perfected its security interest by filing a UCC-1 with the Connecticut Secretary of State on or about October 8, 2009.

-2-

3. By Motion dated February 8, 2010 the Debtor sought to use cash collateral of the Internal Revenue Service ("IRS") and of Penn.

4. At this point the Motion does not recite and Penn is not aware that the Debtor has any pending orders to utilize its Steel Collateral. Accordingly, there is no need for the Debtor to use Penn's collateral.

5. The proposed preliminary order does not provide for any adequate protection of Penn's interest in the Steel Collateral as required by 11 U.S.C. § 363(c)(2).

6. Penn does have a limited objection to the relief proposed to be granted to the IRS to permit the Debtor to use its cash collateral. The lien given to the IRS should not extend to any receivable generated through the use of the Steel Collateral.

7. According to the docket, the Court granted the Debtor's motion to use cash collateral on February 16, 2010 but no order has entered. Penn is not aware that any of the Steel Collateral has been sold in the week since that hearing.

8. Penn received the Motion on Tuesday, February 16, 2010, the day of the preliminary hearing. Such notice is inadequate. Accordingly, any preliminary and final order granting a replacement lien to the IRS should carve out of the proposed IRS lien any proceeds of the Steel Collateral and grant similar relief to that requested here. Bankruptcy Rules 9023, 9024 and Rules 59 and 60 F.R. Civ. P.

9. The filing of this objection is without waiver to Penn's right to file a motion for relief from stay with respect to the Steel Collateral.

WHEREFORE, Penn requests that any order that the Court enters be consistent with this Objection and for such other and further relief as is just.

       PENN STAINLESS PRODUCTS INC.

       /s/ Robert A. White
       Robert A. White – ct08277
       rwhite@murthalaw.com

       Murtha Cullina LLP
       CityPlace I - 185 Asylum Street
       Hartford, Connecticut  06103
       Telephone:  (860) 240-6000
       Facsimile:  (860) 240-6150
       Its Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2010, a copy of the foregoing Limited Objection to Motion for Preliminary and Final Authorization to Use Cash Collateral was filed electronically to all parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Robert A. White
Robert A. White – ct08277

2014301v1